IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANE EUGENE CARDEN, <br> AIS # 270176, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF ALABAMA 40TH <br> CIRCUIT et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:25-CV-151-WKW <br> ) [WO] <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

This action is before the court on Plaintiff Shane Eugene Carden's failure to file an Amended Complaint in compliance with the court's directives. Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Doc. # 1.) Upon review of the complaint, the Magistrate Judge entered an Order dated April 2, 2025, explaining that the appropriate avenue for Plaintiff to challenge the legality of his sentence would be a petition for writ of habeas corpus under 28 U.S.C. § 2254, rather than a § 1983 Complaint ("April 2 Order"). (Doc. # 11.) The April 2 Order instructed Plaintiff to inform the court whether he seeks to (1) proceed on his § 1983 Complaint, (2) withdraw his Complaint and file a separate § 2254 petition, or (3) proceed on his § 1983 Complaint while also filing a separate § 2254 petition. (*Id.*) To assist Plaintiff, the Magistrate Judge directed the Clerk of

Court to provide Plaintiff with a copy of the form used by prisoners to file § 2254 petitions. (*Id.*) The Magistrate Judge also cautioned Plaintiff that his failure to timely comply with the directives and correct the complaint's numerous deficiencies would result in dismissal of this action for failure to prosecute and to obey the court's order. (*Id.*)

On April 21, 2025, Plaintiff notified the court of his wish to proceed with his § 1983 Complaint. (*See* Doc. # 13.) By order dated April 28, 2025, the Magistrate Judge identified numerous deficiencies in Plaintiff's Complaint, including inconsistent identification of Defendants and "disconnected allegations, conclusory statements, and legal citations" that made it difficult to elicit what claims the Plaintiff is attempting to bring, the significance of each factual allegation, and how the alleged facts reflect violations of his constitutional rights ("April 28 Order"). (*Id.* at 2.) Consequently, the court ordered Plaintiff to file an Amended Complaint no later than May 12, 2025, that: (1) names only those defendants he contends to be personally responsible for the alleged violations of his constitutional rights; (2) identifies the constitutional rights that allegedly were violated; (3) describes what each defendant did that violated those constitutional rights; (4) states when and where the violations occurred; (5) describes how the acts or omissions of each defendant harmed him; (6) identifies the nature of the alleged harm; and (7) states the relief that he seeks. (*Id.*) In response, Plaintiff filed a handwritten "amendment" to his original

2

complaint (*see* Doc. # 15), but failed to use the required form as expressly directed by the April 28 Order and provided to him pursuant to that Order.  (*See* Doc. # 14 at 3.)   Thereafter, on June 9, 2025, again the court ordered Plaintiff to file an amended complaint using the proper form, setting a deadline of June 23, 2025, to do so ("June 9 Order").  (Doc. # 17.)  The June 9 Order again directed the Clerk of Court to provide Plaintiff with the appropriate form and expressly cautioned Plaintiff that his failure to comply could result in dismissal without further notice.  (*Id.*)

      To date, Plaintiff has not remedied the complaint's numerous deficiencies, despite the court's clear directives.  Because Plaintiff has failed to file a curative amended complaint, this action will be dismissed without prejudice.  *See Tanner v. Neal*, 232 F. App'x 924, 924 (11th Cir. 2007) (affirming the district court's *sua sponte* dismissal without prejudice of a *pro se* inmate's § 1983 action due to her failure to comply with the court's instructions for filing an amended complaint, despite having been warned of the consequences of noncompliance).  A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to prosecute or comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962);

3

*see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

Additionally, "though courts liberally construe *pro se* litigants' filings, *pro se* litigants must still comply with the rules or find themselves in trouble." *In re Parrott*, 118 F.4th 1357, 1359 (11th Cir. 2024) (per curiam). The court "is not

required [to] rewrite a deficient pleading" for a *pro se* litigant. *Tanner*, 232 F. App'x at 925 (citation omitted).

In this instance, Plaintiff has failed to comply despite the court's clear admonitions, detailed instructions, and the granting of an extension of time. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of non-compliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id*.

Based on the foregoing, it is ORDERED that Plaintiff's action is DISMISSED without prejudice due to his failure to prosecute and comply with the court's orders to file an amended complaint.

DONE this 14th day of August, 2025.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE